BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

**IN RE: FANDUEL GAMBLING
LITIGATION**                                   )   MDL Docket No. _____
                                               )
_____)

**PLAINTIFF AISSA KHIRANI'S MOTION FOR TRANSFER OF
ACTIONS TO THE SOUTHERN DISTRICT OF NEW YORK AND FOR
COORDINATION OR CONSOLIDATION OF ALL PRETRIAL PROCEEDINGS
PURSUANT TO 28 U.S.C. §1407**

On October 15, 2015 Plaintiff Aissa Khirani filed in the Southern District of New York, *Aissa Khirani, individually and on behalf of all others similarly situated v. FanDuel, Inc.*, Case No. 15-cv-08119.  Pursuant to 28 U.S.C. §1407 and JPML Rule 7.2, Plaintiff respectfully moves the Panel for an Order transferring all currently filed cases identified in the Schedule of Actions ("Actions"), including all actions subsequently commenced that involve similar facts or similar claims ("Tag-Along Cases"), to the United States District Court for the Southern District of New York, and to consolidate and coordinate all actions for pretrial proceedings before the Honorable George B. Daniels, United States District Judge for the Southern District of New York. There are currently five (5) filed cases in this District.

Transfer for pre-trial consolidation and coordination is appropriate and necessary for the following reasons:

1.      These Actions are class actions alleging numerous causes of action for damages sustained in connection with and relating to Defendant FanDuel Inc.'s ("FanDuel") unlawful, and/or illegal, and/or unconscionable conduct as a gambling service provider for Daily Fantasy Sports ("DFS") betting.  The claims include, without limitation, that FanDuel is liable to its customers for damages in the form of restitution, and lost and rendered sums wagered by

customers, as well as punitive damages for its violations of various states' consumer protection statutes.

2. There are eight (8) Actions pending in three (3) district courts that assert these claims. *See* Schedule of Actions. Including the instant action, five (5) cases have commenced in the Southern District of New York, one (1) case has commenced the Southern District of Illinois, one (1) case has commenced in the Eastern District of Louisiana, and one (1) case has commenced in the Southern District of Florida.

3. These Actions arise out of the same or similar nucleus of operative facts arising out of FanDuel's same or similar alleged wrongful conduct.

4. Resolution of each of these Actions will mandate the same or similar decisions because each Action raises the same or similar questions of fact and/or law as each Action arises from FanDuel's same and similar wrongful conduct directed at members of the various classes, as alleged in the Actions' respective complaints.

5. Discovery in each of these Actions will be substantially similar, and will involve the same documents and similar witnesses, because each Action arises from the same or similar nucleus of operative facts.

6. Discovery has not commenced in any of the Actions. Therefore, no prejudice or inconvenience will result from this requested transfer, coordination, and consolidation of the Actions to the Southern District of New York.

7. For these reasons, and for those detailed in the accompanying memorandum of law in support hereof, transfer, coordination and consolidation of the Actions to the Southern District of New York promotes the just and efficient administration of these Actions.

WHEREFORE, Plaintiff respectfully petitions and requests that the Actions listed in the attached Schedule of Actions be transferred to the Southern District of New York for consolidation and coordinated proceedings before the Honorable George B. Daniels, United States District Judge for the Southern District of New York.

Dated: October 17, 2015

Respectfully submitted:

/s/   Hunter Shkolnik
Hunter J. Shkolnik, Esq.
**NAPOLI SHKOLNIK PLLC**
1301 Avenue of the Americas, Floor 10
New York, NY 10019
(212) 397-1000 (Telephone)
hunter@napolilaw.com

*Counsel for Plaintiff and the putative class*